STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.B. and I.B.**

**No. 20-0696** (Raleigh County 19-JA-96-K and 19-JA-97-K)

## MEMORANDUM DECISION

Petitioner Father E.B., by counsel Matthew A. Victor, appeals the Circuit Court of Raleigh County's August 25, 2020, order terminating his parental rights to L.B. and I.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Colleen M. Brown-Bailey, filed a response on behalf of the children also in support of the circuit court's order. Respondent Father W.P., by counsel Winifred L. Bucy, filed a response in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a prior child abuse and neglect petition against the mother in 2011, after one of her children consumed a controlled substance. The DHHR sought to place either L.B. or I.B. with petitioner, but he failed to comply with the DHHR's requirements, and the child that was placed with petitioner for a short time was removed from his care and both children were ultimately placed with their grandparents. It is unclear from the record what occurred thereafter, but the children were returned to their mother's care at some point.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Respondent W.P. is the father of S.P., a half-sibling of the children at issue. S.P. is not at issue on appeal and has no biological or custodial relationship with petitioner.

In May of 2019, the DHHR filed the instant petition against the mother after she and her boyfriend engaged in domestic violence and drug abuse while the children were in their care. This petition listed both L.B. and I.B. as living with the mother and indicated that petitioner could not be located to perform a safety assessment to determine whether the children could be placed in his care. The petition further indicated that petitioner failed to comply with the DHHR in the prior proceedings, resulting in the removal of one of the children from his care. Petitioner was not considered an offending parent at the time of the petition's filing but was appointed counsel. Petitioner failed to attend the mother's preliminary hearing.

The DHHR filed an amended child abuse and neglect petition against petitioner in October of 2019. The DHHR alleged that the children were "abused and/or neglected and/or abandoned" due to petitioner's actions. Specifically, the DHHR noted that petitioner attended a multidisciplinary team ("MDT") meeting and requested placement of the children. However, after conducting a background check of petitioner, the DHHR discovered that he had recently been charged with domestic battery and that he had violated a related protective order. Petitioner's wife had similar charges and also violated the protective order. Accordingly, the DHHR concluded petitioner's home was inappropriate for placement of the children.

The circuit court held a preliminary hearing on the amended petition in January of 2020. Petitioner failed to attend but was represented by counsel. The DHHR proffered that a background check of petitioner and his wife revealed that both had been charged with domestic battery and both had violated protective orders with respect to those charges. The circuit court considered petitioner's absence from the proceedings and accepted the proffer of the DHHR.

Petitioner failed to attend his adjudicatory hearing, which was held in March of 2020, despite having notice of the same. The circuit court proceeded without him and adopted the allegations set forth in the initial petition. Specifically, the circuit court found that petitioner was deemed a nonabusing parent in the prior proceedings, but subsequently became noncompliant with the DHHR's requirements and, as such, the children were not placed with him. The circuit court further found that petitioner "made one appearance in this rather long-standing case," failed to appear at any other hearings, and failed to maintain contact with his attorney. Lastly, the circuit court noted that petitioner committed domestic violence and violated a related restraining order. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In August of 2020, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. The DHHR and the guardian requested that the circuit court terminate petitioner's parental rights based upon his complete absence from and lack of participation in the proceedings. Petitioner's counsel conceded that he was unaware of petitioner's whereabouts and that petitioner failed to maintain contact with him, although he had received noticed of the proceedings. Ultimately, the circuit court found that petitioner failed to meaningfully participate in the proceedings, expressed no interest in his children, failed to contact his children, and failed to support them. The circuit court further found that petitioner failed to fulfill his responsibilities and duties as a parent and did nothing in terms of asking for services or cooperating

with the DHHR. Accordingly, the circuit court terminated petitioner's parental rights. Petitioner appeals the August 25, 2020, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. Specifically, petitioner contends that the DHHR did not make any effort to provide him with services "while persistently noting [his] absence from the proceedings." Petitioner avers that there "was no evidence of any further transgressions" by him and that "any form of improvement period would have, in all likelihood, resulted in reunification with his children." Petitioner states that the only obstacle in his path was the lack of communication between him and the DHHR.

At the outset, we note that petitioner fails to cite to any portion of the record establishing that he requested an improvement period, either orally or in writing. This Court has long held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)). Accordingly, we will not consider any argument that the circuit court erred in denying petitioner an improvement period.

Regarding the termination of parental rights, West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d)(2) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parents have "willfully refused

---

[3]The mother is currently participating in proceedings. The permanency plan for the children is reunification with the mother at this time. The concurrent permanency plan is adoption by a family member.

or are presently unwilling to cooperate in the development of a reasonable family case plan designed to lead to the child's return to their care, custody and control."

Here, the record clearly establishes that petitioner failed to participate in almost all aspects of the proceedings below. Petitioner attended a single MDT meeting where he requested placement of his children but thereafter vanished from the proceedings. Contrary to petitioner's claims, it was he who caused the lack of communication in his case. Petitioner's counsel detailed on the record that he made several attempts to call petitioner, that petitioner failed to maintain contact with him, and that petitioner abruptly ended one of the few telephone conversations he had with his counsel. Further, despite having notice, petitioner failed to attend his preliminary, adjudicatory, and dispositional hearings. He failed to maintain contact with the DHHR and failed to develop or sign a family case plan designed to regain custody of his children. Accordingly, it is clear that there is no reasonable likelihood that petitioner can correct the conditions of abuse and/or neglect in the near future and that termination is necessary for the children's welfare. This Court has previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the evidence set forth above, we find no error in the circuit court's termination of petitioner's parental rights.

Because the proceedings regarding the mother remain ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[ ] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

4

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 25, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton